**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV-10-2004-PHX-LOA |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| $50,800.00 in United States Currency, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| Rodney Burnett-Johnson, | ) ) | |
| Claimant. | ) ) | |
| _____ | ) | |

    This matter arises on the parties' Notice of Extension of Discovery Deadline which the Court deems to be a joint motion to extend the Rule 16 discovery deadlines. (Doc. 35) The basis for the request is that "counsel for Claimant has represented that the press of business, has prevented him from completing the discovery responses which are due immediately." (*Id*. at 1) Because diligence attempts to complete discovery and good cause have not been demonstrated to modify the firm Rule 16 deadlines, the parties' motion will be denied. If the parties simply seek an extension that Claimant may have until July 15, 2011 to answer and respond to Plaintiff's current discovery requests, counsel may submit a written stipulation and separate order in that regard. All Rule 16 deadlines, however, remain firm.

**I. Background**

The docket reflects this action commenced on September 20, 2010. (Doc. 1) The Complaint alleges an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). The *res* is $50,800.00 in United States currency purportedly seized on February 23, 2010 from Claimant Rodney Burnette-Johnson.

At the March 29, 2011 scheduling conference, the Court stressed to counsel that the "deadlines in the scheduling order were **real, firm**, and, consistent with the undersigned's responsibilities mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq*., **will not be altered** except upon a showing of good cause and by leave of the assigned trial judge." (Doc. 33 at 3) (emphasis in original; footnote omitted). The scheduling order makes clear that the Rule 16 deadlines are "to be taken seriously," citing *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). (*Id*.) Further, counsel were informed that "[t]he Court intends to enforce the deadlines in this Order. Counsel should plan their litigation activities accordingly." (*Id*.) With this in mind and the active involvement of counsel, the Court fashioned mutually agreed-upon deadlines for the fair and reasonably expeditious resolution of this case. The scheduling order mandates supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ.P., by Friday, September 2, 2011 and the completion of all discovery by Friday, October 7, 2011. (*Id*. at 5)

**II. The Procedures Governing Civil Forfeiture Actions**

The procedures governing civil forfeiture actions are set forth in various forfeiture statutes, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") and this District Court's Local Rules, if any.

Federal civil in *rem* forfeitures are governed by the Federal Rules of Civil Procedure.[1] *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1117 (9th Cir.

---

[1] The 2010 edition of the Federal Rules of Civil Procedure refer to the Supplemental Rules as the "Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

- 2 -

2004) (citing *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n. 2 (9th Cir. 2002)). "Prior to the adoption of Supplemental Rule G, the rules governing maritime forfeiture actions, Supplemental Rules C and E, also governed civil forfeiture actions." *United States v. Approximately $72,000 in U.S. Currency*, 2009 WL 506866, * 5 (N.D.Cal., Feb. 27, 2009) (citation omitted). "On December 1, 2006, Supplemental Rule G was adopted to govern civil forfeiture actions in rem." *Id.* "At the same time, Rules C and E were revised to take into account the enactment of Rule G. Supplemental Rule G provides that, to the extent it does not address an issue, Supplemental Rules C and E, as revised, [and the Federal Rules of Civil Procedure] continue to apply." *Id.*

The Federal Rules of Civil Procedure also apply in federal civil forfeiture actions to the extent they are not inconsistent with the Supplemental Rules. *United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011) (preliminary injunctive relief under Rule 65, Fed.R.Civ.P., was inconsistent with procedure set out in Civil Asset Forfeiture Reform Act) ("Supplemental Rule A(2) makes clear that the Federal Rules of Civil Procedure also apply to such actions, "except to the extent that they are inconsistent" with the Supplemental Rules."); *United States v. One 1978 Piper Cherokee Aircraft*, 91 F.3d 1204, 1208 (9th Cir. 1996); Supplemental Rule G(1) ("Scope. This rule governs a forfeiture action in rem arising from a federal statute. To the extent that this rule does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply.").

Federal Rule of Civil Procedure 16(b) is not inconsistent with Supplemental Rule G and provides guidance in managing this case and addressing the pending motion. In *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 149-150 (3d Cir. 2003), the Third Circuit stated:

> Parties to civil forfeiture proceedings are the servants of two procedural

---

Actions." *United States v. Approximately $28,000 in U.S. Currency*, 2010 WL 1340110, * 2 n. 1 (N.D.Cal., April 5, 2010). "A forfeiture action in rem arising from a federal statute is governed by Rule G of the Supplemental Rules. See FRCivP Supp G(1)." *Id.* at 2.

- 3 -

> masters: the Supplemental Rules specially devised for admiralty and *in rem* proceedings, and the generally applicable Federal Rules of Civil Procedure ("Civil Rules"). The balance between the two is struck in favor of the Supplemental Rules, which always apply to civil forfeiture proceedings. See 18 U.S.C. § 983(a)(3). However, the Supplemental Rules, like the former admiralty rules from which they are derived, "are not comprehensive codes regulating every detail of practice," *Miner v. Atlass*, 363 U.S. 641, 648, 80 S.Ct. 1300, 4 L.Ed.2d 1462 (1960) (construing the former admiralty rules); rather, they are special provisions that overlay the Civil Rules, adding unique requirements necessary only in forfeiture and admiralty proceedings that have no place in general civil litigation. The Civil Rules therefore also apply to in rem proceedings, but only to the extent that they are not "inconsistent with" the Supplemental Rules. Supp. R.A. This scheme seems simple enough. The difficulty arises in determining when precisely a Civil Rule is "inconsistent with" a Supplemental Rule.

330 F.3d at 149-150 (footnotes omitted); *United States v. Approximately $72,000 in U.S. Currency*, 2009 WL 506866, at * 4 (N.D.Cal., Feb. 27, 2009) (Rule 55(b)(2) of the Federal Rules of Civil Procedure applies to a 21 U.S.C. §§ 881(a)(6) civil forfeiture action); *United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F.Supp.2d 816, 827 (E.D.Mich. 2010) ("Rule 8 of the Federal Rules of Civil Procedure unambiguously applies in civil forfeiture proceedings, pursuant to Supplemental Rule G(1)[,]" citing *United States v. $41,580.00*, 253 Fed.Appx. 880, 881-82 (11th Cir. 2007) (imposing Rule 8 pleading requirements on claimant in civil forfeiture action)).

Judicial efforts to curb the twin evils of unnecessary delay and the unreasonable cost of litigation apply with equal force to forfeiture actions as any other civil action. See, Rule 1, Fed.R.Civ.P., ("These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."); the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq*. While forfeiture actions may be exempted from initial disclosures by Rule 26(a)(1)(B), Fed.R.Civ.P., Rule 16(a) contains no such limitation. Rule 16(a), Fed.R.Civ.P. (*"In any action*, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences . . . .") (emphasis added). The Court has exercised its wide discretion to apply Rule 16 to this forfeiture action to reduce unnecessary delay and litigation costs and doing so is not inconsistent with Supplemental Rule G.

- 4 -

**III. Good Cause and Rule 16**

Federal Rule of Civil Procedure 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If a party has not been diligent, the inquiry should end. *Id*. A district court may modify the pretrial schedule "if it cannot reasonably be met despite diligence of the party seeking the extension." *Id*. at 608; Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). "Good cause" means the Rule 16 scheduling deadlines cannot be met despite the party's diligence, citing Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990). *Johnson*, 975 F.2d at 608. The decision to modify a scheduling order is within the broad discretion of the district court. *Id.* at 607 (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

**IV. Discussion**

The requisite good cause standard for extending the discovery deadline has not been shown by the parties. The docket reflects that the only discovery initiated after the scheduling order was filed is Plaintiff's First Set of Non-Uniform Interrogatories, First Request for Production of Documents and Request for Admissions which were served upon Claimant on May 9, 2011. Claimant has engaged in no formal discovery since the Court granted Claimant's Motion for Leave to File Claim on November 19, 2010.

The generous length of time provided to counsel in the scheduling order to complete discovery, i.e. October 7, 2011, is more than reasonably adequate to complete discovery if diligence is exercised with the slightest amount of planning. The parties are in the early stages of discovery and have adequate time to complete discovery over next three months. The parties have not demonstrated that the Rule 16 pretrial schedule "cannot reasonably be met despite diligence of the party seeking the extension." *Johnson*, 975 F.2d at 608. Like the 120-day deadline to serve process pursuant to Rule 4(m), to hold that good cause has been shown here to extend the scheduling order's deadlines "would allow the good cause exception to swallow the rule." *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987).

Accordingly,

**IT IS ORDERED** that the parties' motion to extend the Rule 16 discovery deadline, doc. 35, is **DENIED**.

DATED this 16th day of June, 2011.

_____
Lawrence O. Anderson
United States Magistrate Judge