**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-10-2004-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| $50,800.00 in U. S. Currency, | |
| Defendant. | |
| Rodney Burnett-Johnson, | |
| Claimant. | |

This case arises on the parties' Joint Motion to Reconsider Order of June 16, 2011, filed on June 17, 2011. (Doc. 37) Counsel now clarify that neither counsel nor their Notice of Extension of Discovery Deadline, doc. 35, intended to request a "modification of any time line or deadline imposed by the Court in the Scheduling Order." (*Id*. at 2) According to counsel, the Notice was simply "a courtesy to the Court . . . to demonstrate that the parties are diligently pursuing the discovery obligations as set out by the Court in the Scheduling Order of March 29, 2011." (*Id*.)

**I. Motions for Reconsideration**

A motion to reconsider must provide a valid ground for reconsideration by showing two elements. *All Hawaii Tours Corp. v. Polunesian Cultural Ctr*., 116 F.R.D. 645, 648-49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (1988). First, it must demonstrate some valid reason why the Court should reconsider its prior decision. *Id*.

Second, it must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Id.* Courts have distilled three (3) major grounds justifying reconsideration. They are: 1) an intervening change in the controlling law, 2) the availability of new evidence, and 3) the need to correct clear error or prevent manifest injustice. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987); *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir. 1995), *cert. denied*, 516 U.S. 1029 (1995); *Kennedy v. Lubar*, 273 F.3d 1293, 1299, fn. 6 (10th Cir. 2001); See generally C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 4478 at 790. A motion for reconsideration is not an opportunity to present facts that were known to the party on the earlier motion, nor new legal theories in place of the ones used earlier that did not prevail. *L.I. Head Start Child Development Services, Inc. v. Kearse*, 96 F.Supp.2d 209, 211 - 212 (E.D.N.Y. 2000). "Nor may the party merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal." *PAB Aviation, Inc. v. United States*, 2000 WL 1240196 at *1 (E.D.N.Y. 2000).

The District of Arizona's Local Rule ("LRCiv") 7.2(g)(1) provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. . . ." LRCiv 7.2(g), as amended on December 1, 2010.

**II. Discussion**

Counsel now clarify that when their May 9, 2011 Notice, doc. 35, indicated "that Claimant may have an extension of the discovery *deadline* until July 15, 2011[,]" that they were referring to the date Claimant's responses to Plaintiff's discovery were due, not an effort to amend the Rule 16 discovery deadlines in the March 29, 2011 scheduling order. Why counsel would file a two-page notice rather than a simple stipulation and separate order confirming counsels' discovery agreement regarding responses, the customary and better practice followed by most civil litigators, is unclear.

The Court agrees with counsel that "[t]he Judges of the Arizona District Court have always encouraged counsel to resolve such discovery issues without seeking input from the trial judge." (Doc. 37 at 2) Busy federal judges have neither the interest nor time to micro-manage when responses to routine discovery are due to adverse counsel in civil cases and only when a motion to compel is filed does the Court assert itself in the issue. The Court will not amend its prior order because counsel were less than clear in what they were attempting to communicate to the Court and it does not contain manifest error. If anything, counsel received a preview of how firm the Court views the Scheduling Order's deadlines in this case. The Court's June 16, 2011 Order does not preclude counsel from filing a stipulation and separate order confirming counsels' discovery agreement regarding responses.

Under the standard set forth above, the Court sees no compelling reason to reconsider its decision. Thus, the Joint Motion to Reconsider Order of June 16, 2011, doc. 37, is **DENIED**.

DATED this 8th day of July, 2011.

_____
Lawrence O. Anderson
United States Magistrate Judge