**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV-10-2004-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| $50,800.00 in United States Currency, | ) | |
| Defendant. | ) | |
| Rodney Burnett-Johnson, | ) | |
| Claimant. | ) | |

This case comes before the Court on Plaintiff's Motion for Summary Judgment and Motion to Compel Discovery, filed on October 6th and 7th, 2011, respectively. (Docs. 40, 42) Claimant has not responded to either motion. Claimant's response to Plaintiff's Motion for Summary Judgment, however, is not yet due. LRCiv 56.1(d) ("Notwithstanding the provisions of Rule 7.2 (c), (d), and (f), Local Rules of Civil Procedure, the opposing party may, unless otherwise ordered by the Court, have thirty (30) days after service within which to serve and file a responsive memorandum in opposition . . . .").

On October 21, 2011, the parties filed a belated stipulation, acknowledging that (1) "Claimant will not participate in discovery on the basis of the objections presented in the discovery previously provided[,]" (2) proposing "as a sanction for refusal to participate in discovery, Claimant will be prohibited from producing any evidence beyond that contained

1 in the discovery submitted to date[,]" and (3) agreeing that "the Court may draw adverse inferences with respect to the information addressed in the Statement of Facts which supports Plaintiff's motion for Summary Judgment." (Doc. 43 at 2). The parties' stipulation is deemed a joint motion which is denied.

## I. Motion for Summary Judgment

Plaintiff's Motion for Summary Judgment was timely filed before the November 10, 2011 deadline established in the March 29, 2011 scheduling order. (Doc. 33 at 6) Nevertheless, because the 22-page summary judgment motion, exclusive of its attachments, substantially exceeds the Local Rule's 17-page limitation, it is summarily denied. LRCiv 7.2(e)(1).

## II. Motion to Compel Discovery

Plaintiff's Motion to Compel Discovery was filed on the very last day for the *completion* of discovery, October 7, 2011, and failed to include the Rule 37(a)(1), Fed.R.Civ.P., and LRCiv 7.2(j) personal-consultation certifications.[1] (Doc. 33 at 5) Plaintiff's discovery motion consists of two components; it seeks: 1) an "order compelling Claimant to answer interrogatories, produce documents, and respond to requests for admission served upon Claimant on May 9, 2011[;]" or alternatively, 2) the imposition of sanctions on "Claimant by striking his Claim and Answer and entering a final order of forfeiture" because Claimant failed to respond to the discovery requested by Plaintiff. (Doc. 42 at 1, 4)

## III. Discussion

Plaintiff's discovery motion was filed very late in the case's management schedule

---

[1] LRCiv 7.2(j) provides:

> No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. . . .

LRCiv 7.2(j).

and is, arguably, untimely. Untimely-filed discovery motions are disfavored, especially when a plaintiff, as Plaintiff did here, waited to the very last day to file a discovery motion, knowing for several months that Claimant's discovery responses would not be forthcoming. *Ross v. Excel Group Flexible Ben. Plan*, 2008 WL 4567229 (D.Ariz. Oct.14, 2008) (plaintiff's motion to compel denied because his discovery requests were untimely filed less than 30 days before the Rule 16 completion of discovery deadline); *Miller v. Rufion*, 2010 WL 4137278 (E.D.Cal. Oct.19, 2010); *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (discovery "requests must be served at least thirty days prior to a completion of discovery deadline"; otherwise, the requests are untimely). Granting the discovery component of Plaintiff's Motion to Compel at the end of the scheduling order's deadline for completing discovery risks disrupting the scheduling order's orderly management of this forfeiture action. "The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare" for dispositive motions or trial. *Whittaker Corp. v. Execuair Corp*. 736 F.2d 1341, 1347 (9th Cir. 1984). Granting the discovery motion would necessarily also extend the October 7, 2011 discovery deadline, thereby modifying the Rule 16 scheduling order without the prerequisite showing of good cause and due diligence. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609-10 (9th Cir. 1992) (a pretrial scheduling order can only be modified "upon a showing of good cause." If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted).

On the other hand, granting Plaintiff's discovery motion, even without the certifications,[2] may eliminate the need for a trial or a trial by ambush[3] and would not reward

---

[2] Even though there is no attached certification, Plaintiff's Motion to Compel sufficiently describes counsel's efforts to obtain the requested discovery from Claimant's counsel, including attaching the lawyers' email exchanges on the issue. (Doc. 42-1, Attachment A at 2-5)

[3] "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Moon v.*

- 3 -

the non-compliant Claimant for his failure to comply with the federal discovery rules. After consideration of the matter, because the trial court has wide latitude in controlling discovery, and Claimant did not promptly seek a protective order under Rule 26(c), Fed.R.Civ.P., that he not answer Plaintiff's timely discovery, the Court will grant one aspect of Plaintiff's discovery motion and will order Claimant to answer and respond to Plaintiff's discovery. *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018 (9th Cir. 2006) ("[d]istrict courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.") (internal quotation marks and citation omitted); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). By failing to seek a Rule 26(c) protective order or file a response to the motion, Claimant has failed to meet his burden of showing "that [Plaintiff's]discovery should not be allowed, and [Claimant] has the burden of clarifying, explaining, and supporting [his] objections." *DIRECT TV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.Cal. 2002) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, 2011 WL 2518948, 2 (E.D.Cal. June 23, 2011) ("The party resisting discovery ultimately carries the burden of showing why discovery should not be allowed.") (citation omitted).

Plaintiff's alternative request for sanctions is premature and is denied. *United States v. One 1987 BMW 325*, 985 F.2d 655 (1st Cir. 1993) (In a forfeiture action, the First Circuit held that a district court abused its discretion in striking a claim without first entering a discovery order and finding the order was breached.). Under Rule 37(b), Fed.R.Civ.P., a district court may impose sanctions, including default, for failing to comply with a court order but only after a court order was entered to do so. Rule 37(b) reads in relevant part as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include [among others] . . . dismissing the action or proceeding

---

*SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D.Cal. 2005) (quoting *Oakes v. Halvorson Marine Ltd.*, 179 F.R.D. 281, 283 (C.D.Cal. 1998)).

in whole or in part; [and] rendering a default judgment against the disobedient party. . . .

Rule 37(b)(2)(A)(i)–(vii), Fed.R.Civ.P.; *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011). "The scope of sanctions for failure to comply with a discovery order is committed to the sound discretion of the district court." *Payne v. Exxon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997). "Belated compliance with discovery orders does not preclude the imposition of sanctions." *Wolstein v. Bernardin*, 159 F.R.D. 546, 552 (W.D.Wash.1994) (quoting *North American Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986)).

Until today, no order has been entered compelling Claimant to answer Plaintiff's discovery requests. Sanctions, however, may be entered in a forfeiture action if a claimant fails to comply with a court order. *See*, *United States v. Approximately $256,533.57 in U.S. Currency*, 2011 WL 87133, * 2 (E.D.Cal. January 10, 2011) ("Failure to follow a court order is sanctionable conduct."); *United States v. Approximately $141,932.00 in U.S. Currency*, 2008 WL 190878, * 4 (E.D.Cal. January 18, 2008) ("Federal Rule of Civil Procedure 37(b)(2)(A) provides that sanctions may be imposed on a party that fails to obey a court order to provide or permit discovery, which sanctions may include, *inter alia*, 'striking pleadings in whole or in part.'").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment, doc. 40, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery, doc. 42, is **GRANTED** in part and **DENIED** in part. On or before **Wednesday, November 2, 2011**, Claimant Rodney Burnett-Johnson, shall, to the extent he may not have already done so, fully and completely answer Plaintiff's interrogatories, produce documents requested by Plaintiff, and respond to Plaintiff's requests for admission served upon Claimant pursuant to the Federal Rules of Civil Procedure, or sanctions may be imposed, including, but not limited to, striking of Claimant's claim and entering a final order of forfeiture in favor of Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's request that Claimant's claim be

stricken and a final order of forfeiture entered is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the parties' October 21, 2011 stipulation, doc. 43, is deemed a joint motion and is **DENIED**.

Dated this 21st day of October, 2011.

Lawrence O. Anderson
United States Magistrate Judge